O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRANCH, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRIMAC TRANSPORTATION, INC., a business entity; AIR PRODUCTS AND CHEMICALS, INC., a business entity; ROBIN REYNOLDS, an individual JIM T., an individual; RICKE WEIRD,<br><br>　　　　　Defendants.<br>_____ | Case No. CV 09-08966 DDP (AJWx)<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

　　　The Court orders the removing defendant Air Products and Chemicals, Inc. ("Defendant") to show cause why this case should not be remanded for lack of subject matter jurisdiction.

　　　On September 29, 2009, the plaintiff Michael Branch ("Plaintiff") filed a complaint in Los Angeles Superior Court, asserting, among others, causes of action under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900 et seq., stemming from harassment, discrimination, and retaliation he alleges he was subjected to by his supervisor, co-workers, and

employer on the basis of his race and perceived sexual orientation. On December 7, 2009, Defendant filed a Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Dkt. No. 1.) Defendant Trimac Transportation, Inc., joined in the Notice of Removal. (Dkt. No. 4.)

Defendant asserts in its Notice of Removal that the citizenship of one of the defendants, Robin Reynolds, should be ignored for purposes of diversity jurisdiction because he was fraudulently joined. (Notice of Removal ¶22.) The Complaint makes no allegations regarding Mr. Reynolds' citizenship for purposes of diversity jurisdiction.

Pursuant to 28 U.S.C. § 1441(a), an action brought in state court may be removed to federal court if the civil action is one "of which the district courts of the United States have original jurisdiction." The district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required, meaning each of the plaintiffs must be a citizen of a different state than each of the defendants. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

Nevertheless, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulently joined defendants will not defeat removal on diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). "[T]here is a general presumption against fraudulent joinder," Hamilton Materials, Inc. v. Dow

2

1  Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007), but fraudulent
2  joinder will be found "[i]f the plaintiff fails to state a cause of
3  action against a resident defendant, and the failure is obvious
4  according to settled rules of the state." Ritchey, 139 F.3d at
5  1318.  The party asserting fraudulent joinder bears the burden of
6  proof. United Computer Systems, Inc. v. AT&T Corp., 298 F.3d 756,
7  763 (9th Cir. 2002).

8     Defendant argues that Plaintiff cannot state a claim against
9  Robin Reynolds "for sexual orientation discrimination and
10 harassment, and discharge in violation of public policy," because
11 such claims "are not cognizable against Defendant Reynolds as a
12 matter of law," as "[s]upervisors and other employees cannot be
13 held personally liable for discrimination in connection with
14 personnel decisions." (Notice of Removal ¶ 24 (citing Reno v.
15 Baird, 18 Cal.4th 640 (1998); Janken v. GM Hughes Electronics, 46
16 Cal. App. 4th 55, 65 (1996)).)

17    However, while an FEHA discrimination claim will not lie
18 against a plaintiff's individual supervisors, harassment and
19 retaliation claims will.  Baird, 18 Cal.4th at 645-47
20 (distinguishing harassment claims from discrimination claims and
21 holding that individual supervisors cannot be held liable for
22 discrimination under FEHA); Janken, 46 Cal. App. 4th at 62-63
23 (holding that, in enacting FEHA, the California legislature
24 intended that supervisors would be personally liable for
25 harassment); Matthews v. Superior Court, 34 Cal. App. 4th 598, 604
26 (1995) (holding a supervisor can be held personally liable for
27 sexual harassment under FEHA); Page v. Superior Court, 31 Cal. App.
28 4th 1206, 1212 (holding that supervisors are personally liable

under FEHA for harassment and retaliation claims); Fisher v. San Pedro Peninsula Hospital, 214 Cal. App. 3d 590, 613 (1989) (holding that co-workers can be held liable for retaliation claims under FEHA). Plaintiff asserts retaliation and harassment claims under FEHA against Robin Reynolds. (Compl. ¶¶ 63, 65.) Specifically, Plaintiff alleges that he notified his supervisor Robin Reynolds harassed him on the basis of his perceived sexual orientation and that he retaliated against Plaintiff for complaining of the discrimination and harassment he suffered. (See, e.g., Id. ¶¶ 32, 42-43.)

The Court therefore has doubts concerning the existence of diversity jurisdiction because Defendants have not established (1) that Robin Reynolds' citizenship is diverse from Plaintiff's for purposes of diversity jurisdiction or (2) that Robin Reynolds' citizenship should be disregarded because he was fraudulently joined.

As a result, the Court orders the parties to file cross-briefs, not to exceed ten pages, within 20 days of the date of this Order, to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. The Court will interpret either party's failure to file such a motion as consent to remand.

IT IS SO ORDERED.

Dated: January 14, 2010

DEAN D. PREGERSON
United States District Judge

4